UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TERI J. GEVINSON,**

           **Plaintiff,**

**-vs-**                                            Case No.  6:10-cv-3-Orl-19KRS

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

           **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Extension of Defendant's Expert Disclosure Deadline by Defendant Unum Life Insurance Company of America (Doc. No. 23, filed Feb. 15, 2011); and

2. Response to Defendant's Motion for Extension of Expert Disclosure Deadline and Unopposed Motion for Extension of Discovery Deadline by Plaintiff Teri J. Gevinson (Doc. No. 24, filed Feb. 25, 2011).

## Background

The Case Management and Scheduling Order in this case directs Defendant Unum Life Insurance Company of America ("Unum") to disclose its expert reports by February 28, 2011, and sets a discovery deadline of April 29, 2011. (Doc. No. 16 at 1, filed Feb. 26, 2010.) Unum has moved to extend its expert disclosure deadline to March 14, 2011. (Doc. No. 23.) Plaintiff Teri Gevinson has filed a response in opposition and requested that if Defendant's expert disclosure deadline is extended, the discovery deadline be extended to May 27, 2011. (Doc. No. 24.) Gevinson

represents that Unum does not object to the proposed extension of the discovery deadline. (*Id.* at 2.)

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "[I]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) (quoting *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)). Further, the diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") (internal quotations omitted).

## Analysis

In support of its requested two-week extension of the expert disclosure deadline, Unum asserts that: (1) it has requested but not received particular medical records in time for an expert's medical peer review and analysis; and (2) Plaintiff's forthcoming deposition testimony may eliminate the need for one of the two defense experts contemplated by Unum. (Doc. No. 23 at 1-2.) Gevinson does not dispute these assertions. (Doc. No. 24.)

The parties appear to disagree about whether the proposed two-week extension of Unum's expert disclosure deadline would preserve sufficient time for Gevinson to depose Unum's experts and complete discovery prior to the discovery deadline. (Doc. No. 23 at 2; Doc. No. 24 at 1.) To

ensure that she has sufficient time to complete discovery, Gevinson proposes that the Court extend the discovery deadline by four weeks. (Doc. No. 24 at 2.) Unum does not oppose this relief. (*Id.*)

No party asserts prejudice from the proposed deadline extensions. Further, the Court finds no evidence of record that the parties have not proceeded diligently in this matter. Based on the foregoing, the Court finds good cause to extend Unum's expert disclosure deadline to March 14, 2011, and to extend the discovery deadline to May 27, 2011.

## Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Extension of Defendant's Expert Disclosure Deadline by Defendant Unum Life Insurance Company of America (Doc. No. 23) is **GRANTED**. Unum's expert disclosure deadline is extended to March 14, 2011.

2. The Unopposed Motion for Extension of Discovery Deadline by Plaintiff Teri J. Gevinson (Doc. No. 24) is **GRANTED**. The discovery deadline in this case is extended to May 27, 2011.

3. All other deadlines set by the Case Management and Scheduling Order (Doc. No. 16) remain unchanged.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 28, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record